## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

TAMMY SMITH MORELOCK,     )
                                  )
          *Plaintiff*,     )
                                  )    Case No: 2:20-cv-119
v.                         )
                                  )    Judge Christopher H. Steger
ANDREW SAUL,     )
Commissioner of Social Security     )
Administration,     )
                                  )
          *Defendant*.     )

### MEMORANDUM OPINION

**I.    Introduction**

Plaintiff Tammy Morelock seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial of disability insurance benefits by the Commissioner of the Social Security Administration under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 17].

For reasons that follow, Plaintiff's Motion Judgment on the Pleadings [Doc. 18] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 22] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

**II.    Procedural History**

In April 2017, Plaintiff applied for disability insurance benefits, alleging disability as of December 17, 2013. (Tr. 15). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a result, Plaintiff requested a hearing before an administrative law judge. (*Id.*).

In May 2019, an administrative law judge ("ALJ") heard testimony from Plaintiff, Plaintiff's attorney, and a vocational expert. (*Id.*). The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 24). Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial. That request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is ripe for adjudication.

## III.     Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2019.

2. Plaintiff had not engaged in substantial gainful activity since December 17, 2013, the alleged onset date. (20 C.F.R. § 404.1571 *et seq.*).

3. Plaintiff had the following medically determinable impairments: degenerative disc disease of the lumbar spine; restless leg syndrome; and gastroesophageal reflux disorder (GERD). (20 C.F.R. § 404.1520(c) *et. seq.*).

4. Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

5. Subject to certain limitations, Plaintiff has the residual functional capacity to perform "light work" as defined in 20 C.F.R. § 404.1567(b).

6. Plaintiff is capable of performing past relevant work as a pre-certification coordinator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 C.F.R. § 404.1565).

7. Plaintiff has not been under a disability, as defined in the Social Security Act, from December 17, 2013, through the date of the ALJ's decision (20 C.F.R. § 404.1520(f)).

(Tr. at 15-24).

## IV.     Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual

qualifies for DIB if they: (1) are insured for DIB; (2) have not reached the age of retirement; (3)

have filed an application for DIB; and (4) are disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a

plaintiff must show that she is unable to engage in any substantial gainful activity due to the

existence of a medically determinable physical or mental impairment that can be expected to result

in death or that has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The

Commissioner employs a five-step sequential evaluation to determine whether an adult claimant

is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1)

if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does

not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals

a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done

in the past, she is not disabled; (5) if the claimant can do other work that exists in significant

numbers in the regional or the national economy, she is not disabled. *Id.* If, at one step, an ALJ

makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§

404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir.

1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former

occupation, then the burden shifts to the Commissioner to show that there is work in the national

economy that the claimant can perform considering her age, education, and work experience.

*Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching their decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence supports a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues [that] are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United*

*States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## V.     Analysis

Plaintiff contends that substantial evidence does not support the ALJ's decision because: (1) The ALJ erred in reviewing the opinion of Dr. Daniel Carroll, Plaintiff's long-time treating physician; (2) The ALJ failed to consider the opinion evidence of Dr. Robert Blaine, a consulting physician; and (3) The ALJ misapplied the standards under *Social Security Ruling* 16-3p. The Court will address these issues in turn.

### A.     The ALJ's Consideration of the Medical Opinions Under the New Regulations

Since Plaintiff's claim was filed after March 27, 2017, the Social Security Administration's new regulations for evaluation of medical opinion evidence apply to this claim. *See Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Under the new revised regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative findings, including those from your medical sources." 20 C.F.R. § 404.1520c(a). The Commissioner will "evaluate the persuasiveness" of all medical opinions and prior administrative medical findings using the following factors: (1) supportability; (2) consistency; (3) the source's relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) the source's specialized area of practice; and (5) other factors that would tend to support or contradict a medical opinion, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of the agency's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520(a), (c)(1)-(5). However, supportability and consistency are

the most important factors. 20 C.F.R. §§ 404.1520(c)(b)(2).

Lastly, the revised regulations have set forth new articulation requirements for the ALJs in their consideration of medical opinions, stating:

> **(1) Source-level articulation.** Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record. Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually;

> **(2) Most important factors.** The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record;

> **(3) Equally persuasive medical opinions or prior administrative medical findings about the same issue.** When we find that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2) of this section) but are not exactly the same, we will articulate how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in your determination or decision.

20 C.F.R. § 404.1520c(b)(1)-(3) (emphasis added); *see generally Ephraim v. Saul*, No. 1:20-CV-633, 2021 WL 327755, at *13 (N.D. Ohio Jan. 8, 2021), *report and recommendation adopted sub nom.*, *Ephraim v. Comm'r of Soc. Sec.*, 2021 WL 325721 (N.D. Ohio Feb. 1, 2021); *Gentry v. Saul*, No. 3:19-CV-778, 2020 WL 5100848, at *5–6 (M.D. Tenn. Aug. 10, 2020), *report*

*and recommendation adopted sub nom.*, *Gentry v. Soc. Sec. Admin.*, 2020 WL 5096952 (M.D. Tenn. Aug. 28, 2020).

In this case, Plaintiff protectively filed her application on April 23, 2017 (Tr. 15). Accordingly, the ALJ followed the new set of regulations when assessing medical-opinion evidence (Tr. 21-23). That is, the ALJ considered and discussed the opinions in the record, but declined to adopt any of them in full. (Tr. 19-23). The ALJ properly discussed the persuasiveness of each opinion and reached a determination supported by substantial evidence.

In a September 2017 consultative report, Dr. Blaine opined that Plaintiff could stand or walk for 5 hours in a regular 8-hour workday; lift 5 pounds frequently and 20 pounds infrequently; and sit for up to 8 hours with reasonable rest breaks. (Tr. 21, 264). The ALJ explained that Dr. Blaine's opinion was somewhat persuasive because it was generally consistent with the finding that Plaintiff could perform "light work." (Tr. 22). The decision also noted that Dr. Blaine's actual exam findings—including Plaintiff's normal range of motion, full muscle and motor strength, and normal gait and station—were consistent with those of Dr. Carroll, which made the consultative findings themselves very persuasive. (Tr. 22-23).

Dr. Parrish, the State-agency physician, reviewed Plaintiff's file at the reconsideration stage, after Dr. Blaine's report was added to the record. (Tr. 23, 57-60). Based on that review, Dr. Parrish opined that Plaintiff could perform "light work," with varying limitations to frequent or occasional postural activities. (Tr. 23, 58-60). Though the ALJ's eventual RFC finding differed from Dr. Parrish's opinion by more strictly limiting her postural behaviors and adding environmental limitations, the ALJ found the opinion persuasive on the whole. (Tr. 19, 23).

Turning first to Dr. Blaine's opinion, Plaintiff contends that the "Commissioner had the Plaintiff evaluated by Dr. Robert Blaine, and although the Administrative Law Judge listed Dr.

Blaine's opinions[,] he did not discuss what weight, if any, he gave Dr. Blaine's opinion." [Doc. 19 at PageID #: 854-55]. Plaintiff notes that "Dr. Blaine's opinion is clearly to the effect that the Plaintiff cannot perform light work as he opine[d] that the Plaintiff can only lift five pounds frequently and stand or walk for five hours in an eight hour day [ ]." [*Id.* at PageID #: 855]. Plaintiff concludes that the ALJ committed legal error in not considering and weighing "Dr. Blaine's opinion which is contradictory to the ALJ's residual functional capacity." [*Id.*].

At the outset, the Court notes that the new regulations no longer require an ALJ to characterize the "weight" afforded a medical opinion. The ALJ, under the new regulations, correctly weighed Dr. Blaine's opinion for its "persuasiveness." (Tr. 22). The ALJ noted that Dr. Blaine's opinion was "generally consistent with the assertion that [Plaintiff] could perform work at the light exertional level." (*Id.*).

Secondly, our appellate court has "rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ." *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018). In *Mokbel-Aljahmi*, the Sixth Circuit explained that the starting point for a reviewing court was the ALJ's decision, not Plaintiff's arguments: "on review, it is not for [the court] to decide if there was evidence in favor of [Plaintiff's] position." 732 F. App'x at 400. "[Courts] decide only whether there was substantial evidence to support the ALJ's decision. If so, [they] defer to that decision even in the face of substantial evidence supporting the opposite conclusion." *Id.* (citation omitted). The Sixth Circuit has, in fact, recently rejected arguments similar to Plaintiff's, finding that it was "wrong" to argue that residual functional capacity must be based on a medical opinion that has reached the same conclusion. *See Reinartz v. Comm'r of Soc. Sec.*, 795 F.App'x 448, 449 (6th Cir. 2020) (claimant was "wrong" in arguing "that an ALJ may

not make a work-capacity finding without a medical opinion that reaches the same conclusion"). Accordingly, the ALJ did not err in evaluating Dr. Blaine's opinion.

Next, the ALJ noted the two letters by Dr. Carroll. (Tr. 21-23, 315, 385). In the initial letter, Dr. Carroll limited Plaintiff to lifting no more than 10 pounds without "marked difficulty," and to sitting for only 30 minutes at a time, after which she would need to walk for 10-15 minutes. (Tr. 21, 23, 315). He concluded that Plaintiff was "unable to be employed in any position." (Tr. 21, 23, 315). Dr. Carroll's second letter emphasized Plaintiff's inability to "do any repetitive range of motion with her neck, lumbar region, upper extremities or lower extremities," and her allegedly "limited ability to ambulate." (Tr. 21-23, 385). The second letter echoed the first in that Plaintiff was "unable to work in any capacity." (Tr. 22-23, 385). The ALJ found these letters inconsistent with the medical record—including Dr. Carroll's own repeated findings. Therefore, the ALJ found the letters unpersuasive. (Tr. 23). The ALJ explained that Dr. Carroll appeared to base his opinion on Plaintiff's subjective complaints rather than on objective findings. (Tr. 23). In discounting Dr. Carroll's limitations, the ALJ pointed to Plaintiff's full muscle and motor strength; normal gait and station; absence of neurologic deficits; full grip strength; lack of any need for an assistive device; and lack of evidence of nerve-root or spinal cord compression. (Tr. 23). An ALJ may find an opinion not adequately supported, and therefore unpersuasive, when that opinion is based excessively on subjective complaints. *See Gladson v. Saul*, No. CV 6:20-064-DCR, 2020 WL 6689196, at *7 (E.D. Ky. Nov. 12, 2020) (citing 20 C.F.R. § 404.1520c(c)(1) for the proposition that the more relevant the objective evidence and supporting explanations are, the more persuasive the opinion may be).

Under the revised regulations—eliminating the treating-provider rule—the ALJ owned no special deference to Dr. Carroll's opinion. Plaintiff asserted that the ALJ erred with respect to her

mental condition, noting that Dr. Carroll "has treated her for depression and anxiety for a number of years[.]" [Doc. 19 at PageID #: 856]. But the diagnosis or treatment of a mental impairment does not necessarily establish its severity in the disability context. *See, e.g.*, *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [an impairment], of course, says nothing about the severity of the condition."); 20 C.F.R. § 404.1545(e) (providing that, in order to prove disability, evidence must establish functional limitations, not just medical diagnoses).

Also, Dr. Carroll's treatment notes show that Plaintiff's speech, behavior, judgment, thought content, cognition, and memory were normal. Dr. Carroll further noted that Plaintiff's complaints of depression and anxiety were never serious enough to warrant referral to any psychological specialist. (Tr. 18, 208, 218, 226, 236, 256). Surveying this evidence, the ALJ found that Plaintiff faced no more than mild functional limitations in any mental category. (Tr. 18). Pertinent regulations specify that mild—or even moderate—mental limitations are not disabling. *See* 20 C.F.R. §§ 404.1520a(c)(4) (at step two, mental restrictions are rated as none, mild, moderate, marked, and extreme; only extreme limitations preclude any gainful activity); 404.1520a(d)(1) ("mild" limitations are generally not severe); 404.1522(a) (a non-severe impairment, by its very definition, does not significantly limit a claimant in her ability to perform basic work activities). Therefore, the ALJ committed no error when he decided not to include mental restrictions in Plaintiff's residual functional capacity despite the "mild" step-two findings.

### B.    S.S.R. 16-3p

Plaintiff's final argument governing S.S.R. 16-3p is also unpersuasive to warrant remand. Plaintiff cites—accurately—S.S.R. 16-3p for the proposition that an ALJ must consider all record evidence when assessing the consistency of a claimant's subjective reports. [*See* Doc. 19 at PageID #: 856-57]. But Plaintiff makes an unwarranted next step, contending that the ALJ "should have

fully credited" all of her allegations. [Doc. 19 at PageID #: 857 ("It is submitted that all of [Plaintiff's] symptoms are consistent with the medical evidence of record, and the Administrative Law judge should have fully credited those symptoms in arriving at a residual functional capacity for the Plaintiff.")]. The Court disagrees: there is no evidence to support this claim. Plaintiff also equates the ALJ's decision to not explicitly discuss some evidence with an alleged failure to consider it.

S.S.R. 96-8p governs how an ALJ must articulate the bases for a decision to show that the ALJ acted properly in determining Plaintiff's residual functional capacity. That Ruling mandates that an ALJ conduct a function-by-function analysis when reaching an RFC determination; but, though "SSR 96-8p states that the ALJ must consider each function separately[,] it does not state that the ALJ must discuss each function separately in the narrative of the decision." *Hammock v. Colvin*, 2015 WL 4490870, at *13 (M.D. Tenn. July 22, 2015) (citations omitted). Therefore, "[a]lthough a function-by-function analysis is desirable, SSR 96–8p does not require ALJs to produce such a detailed statement in writing," as there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (internal citations and quotation marks omitted).

ALJs comply with SSR 96-8p's function-by-function RFC requirement when they specify a claimant's exertional and non-exertional abilities and discusses the limitations that were at issue. *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421 (6th Cir. 2014) (citing *Rudd v. Comm'r of Social Sec.*, 531 F. App'x 719, 729 (6th Cir. 2013); *Delgado*, 30 F. App'x at 547-48). In this case, the ALJ met his statutory obligation by pointing to specific evidence and expressing conclusions in functional terms. (Tr. 17-23).

## VI.     Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 18] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 22] will be **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**IT IS SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE